# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Michael Joseph Salcido,<br><br>　　　　Defendant. | CR 23-00197 TUC-AMM (JR)<br><br>**REPORT AND RECOMMENDATION** |

This matter is referred to Magistrate Judge Rateau for pretrial matters. Pending before the Court is Defendant's Motion to Dismiss Indictment. (Doc. 29.) The Government filed the United States' Response to Defendant's Motion to Dismiss Indictment. (Doc. 32.) At the Court's direction, Defendant filed Defendant's Status Report on Pending Motion to Dismiss the Indictment. (Doc. 59.) For reasons that follow, the Court recommends that Defendant's Motion to Dismiss Indictment be denied.[1]

---

[1] Jury trial is set for July 15, 2025; the plea deadline is June 27, 2025. (Doc. 56.)

1

### I. Background

On February 15, 2023, Defendant was indicted for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g). (Doc. 1.) On November 30, 2023, Defendant pled guilty to the Indictment. (Doc. 20.) In anticipation of a ruling by the Ninth Circuit Court of Appeals or the Supreme Court on the constitutionality of 18 U.S.C. § 922(g), the plea was entered without the benefit of a plea agreement thus preserving Defendant's ability to argue on direct appeal that the statute was unconstitutional. (Doc. 24.)

On May 9, 2024, the United States Court of Appeals for the Ninth Circuit addressed the constitutionality of 18 U.S.C. § 922(g). The court of appeals found that the statute violated the Second Amendment as applied to Mr. Duarte who had five felony non-violent criminal convictions. *United States v. Duarte*, 101 F.4th 657 (9th Cir. 2024). Based on the *Duarte* decision, this Court allowed Defendant to withdraw from his guilty plea. (Docs. 28, 44.)

On July 17, 2024, the Ninth Circuit vacated *Duarte* and ordered that the case be reheard en banc. (Doc. 38.) As a result, this Court ordered that Defendant's Motion to Dismiss Indictment be stayed pending resolution of *Duarte.* (Doc. 37, 44.) On May 9, 2025, the Ninth Circuit issued an en banc decision holding that 18 U.S.C. § 922(g)(1) is "not unconstitutional as applied to non-violent felons ...." *United States v. Duarte*, ___ F.4th ___, 2025 WL 1352411, at *3 (9th Cir. May 9, 2025) (en banc).

1  Defendant's Motion to Dismiss Indictment is now ripe for review. Defendant
2  recognizes that the en banc *Duarte* decision is contrary to his arguments advanced in
3  his Motion to Dismiss Indictment, but nevertheless requests that the Court rule on the
4  motion to preserve the issue on appeal should the constitutionality of 18 U.S.C. §
5  922(g)(1) be taken up by the Supreme Court. (Doc. 59.)

6  **II.     Discussion**

7  Here, the Indictment alleges that on August 19, 2021, Defendant, knowing he
8  had previously been convicted of a crime punishable by imprisonment for a term
9  exceeding one year, knowingly possessed a firearm and ammunition in and affecting
10 interstate commerce. (Doc. 1.) Admittedly, Defendant has two non-dangerous state
11 felony convictions—one from 2004 for aggravated assault and one from 2012 for
12 attempted child abuse/domestic violence/endangerment/criminal damage. (Doc. 59.)

13 This Court is bound by the Ninth Circuit's en banc holding in *Duarte*. Thus,
14 the prohibition on the possession of firearms by *all* felons in Section 922(g)(1) does
15 not violate Defendant's Second Amendment protections.

16 **III.    Recommendation**

17 Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and Local Rule
18 Civil 72.1, Rules of Practice of the United States District Court, District of Arizona,
19 the Magistrate Judge **recommends** that the District Court, after an independent
20 review of the record, **DENY** Defendant's Motion to Dismiss Indictment. (Doc. 29.)

21 This Recommendation is not an order that is immediately appealable to the
22 Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1),

1. Federal Rules of Appellate Procedure, should not be filed until entry of the District
2. Court's judgment. However, the parties shall have 14 days from the date of service of
3. a copy of this recommendation within which to file specific written objections with
4. the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the
5. Federal Rules of Civil Procedure. Thereafter, the parties have fourteen (14) days
6. within which to file a response to the objections. No replies are permitted without
7. leave of court. If any objections are filed, this action should be designated case
8. number: **CR 23-00197-TUC-AMM**. Failure to timely file objections to any factual
9. or legal determination of the Magistrate Judge may be considered a waiver of a
10. party's right to de novo consideration of the issues. *See United States v. Reyna-Tapia*,
11. 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 3rd day of June, 2025.

Honorable Jacqueline M. Rateau
United States Magistrate Judge