# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-23-00197-001-TUC-AMM (JR) |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Joseph Salcido, | |
| Defendant. | |

On June 3, 2025, Magistrate Judge Jaqueline M. Rateau issued a Report and Recommendation ("R&R") recommending this Court deny Defendant Michael Joseph Salcido's Motion to Dismiss Indictment. (Doc. 60.) On June 9, 2025, Defendant filed written objections. (Doc. 61.) The Government responded on June 13, 2025. (Doc. 64.)

## I.  Standard of Review

A district court must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation").

## II.  Report and Recommendation

The Magistrate Judge recommended the Court deny the Motion to Dismiss Indictment in light of the Ninth Circuit's en banc decision in *United States v. Duarte*, No. 22-50048, 2025 WL 1352411 (9th Cir. 2025) (en banc) (holding that 18 U.S.C. §

922(g)(1) is constitutional as applied to non-violent felons). (Doc. 60 at 3.)

Defendant objects to the Magistrate Judge's recommendation because he nonetheless argues that 18 U.S.C. § 922(g)(1) is unconstitutional as applied to an individual like Defendant who has completed his criminal sentence for his prior felonies. (Doc. 61 at 4–5.) He cites the Supreme Court decision in *United States v. Rahimi*, 602 U.S. 680 (2024). (*Id.* at 5.) In *Rahimi*, the Supreme Court upheld the constitutionality of 18 U.S.C. § 922(g)(8), which prohibits individuals subject to domestic violence restraining orders from possessing firearms. 602 U.S. at 702. Defendant argues that the Supreme Court emphasized that § 922(g)(8)'s ban on firearms was not permanent, and, therefore, "it leaves open the possibility that the Supreme Court will ultimately hold that [18 U.S.C. § 922(g)(1)'s] *permanent* ban on firearm possession is unconstitutional, at least as applied to people like Mr. Salcido." (*Id.*) Defendant states, "[r]ecognizing that this Court is bound by the *Duarte* en banc ruling, Mr. Salcido nevertheless files this objection . . . in order to preserve this issue for appeal should it become ripe in the future." (*Id.* at 6.)

### III. Discussion

The Court has reviewed the Magistrate Judge's R&R, the parties' briefs, the record, Defendant's Objections, and the Government's response. The Court finds that it is bound by the en banc decision in *Duarte* that § 922(g)(1) is constitutional. Therefore, it will adopt the recommendation and deny Defendant's Motion to Dismiss Indictment.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation is **ADOPTED.** (Doc. 60.)

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Indictment is **DENIED**. (Doc. 29.)

Dated this 18th day of June, 2025.

_____
Honorable Angela M. Martinez
United States District Judge